**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                        No. 98-4438

GLENN ALBERT STEWART, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-97-53)

Submitted: January 26, 1999

Decided: March 9, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elgine Heceta McArdle, MUSSER & MCARDLE, Wheeling, West
Virginia, for Appellant. Paul Thomas Camilletti, OFFICE OF THE
UNITED STATES ATTORNEY, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glenn Albert Stewart, Jr., appeals his sentence imposed after he pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (West 1994 & Supp. 1998). Stewart's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in her view, there are no meritorious issues for appeal. Although he was informed of his right to do so, Stewart has not filed a pro se supplemental brief. We affirm.

The presentence investigation report (PSR) recommended that Stewart be treated as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994), because he had three prior convictions for burglary. The district court adopted the PSR's recommendation, and sentenced Stewart to 180 months' imprisonment. See 18 U.S.C. § 924(e). Stewart's counsel raises the issue of whether the district court erred in adopting the probation officer's determination that two of Stewart's three prior burglary convictions were offenses committed on different occasions and not part of a single criminal episode for purposes of sentencing Stewart under § 924(e).

Because counsel failed to object to the district court's application of § 924(e) at sentencing, we review for plain error. See Fed. R. Crim. P. 52(a); United States v. Olano, 507 U.S. 725, 732 (1993). Stewart was convicted of felony burglary on December 7, 1989. On June 2, 1993, Stewart was sentenced on two felony convictions for burglary. Although Stewart was sentenced for these two offenses at the same time, these two convictions were charged separately and arose out of two distinct burglaries that Stewart committed on different days, on two different residences, and on two different victims. Because the two burglaries occurred at different geographic locations on different

2

days and involved two distinct victims and residences, the district court did not plainly err in treating the burglaries as separate offenses for purposes of determining sentence under 18 U.S.C.§ 924(e). See United States v. Hobbs, 136 F.3d 384, 386-88 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3800 (U.S. June 22, 1998) (No. 97-9187); United States v. Letterlough, 63 F.3d 332, 334-37 (4th Cir. 1995).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Stewart's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3